IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

VICKI RICKETTS,

      Plaintiff,

      v.

CITY OF NEW SMYRNA
BEACH, FLORIDA,

      Defendant.

CIVIL ACTION NO.
2:07-CV-00114-RWS

## **ORDER**

By Order of United States Magistrate Judge Susan S. Cole, Plaintiff was granted leave to proceed *in forma pauperis*, and the action was submitted to this Court for review pursuant to 28 U.S.C. § 1915(e)(2)(b). (Dkt. No. [5].) Plaintiff has also submitted a Motion to Appoint Counsel [4] and a "Motion for Order to Remeasure Previously Designated Navigable Waterway . . ." [7]. The Court now considers whether this action is frivolous, and whether Plaintiff's Motions should be granted.

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is also frivolous where the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist.  Neitzke, 490 U.S. at 327.  If an affirmative defense such as a statute of limitation would defeat a claim, that claim may also be frivolous.  Clark v. Ga. Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

In this case, as in her numerous other actions litigated before this Court, Plaintiff has filed a lengthy, handwritten Complaint and various amendments which present fantastic and incoherent factual allegations and legal claims.  From the Complaint, the Court is unable to ascertain any cognizable federal claim or state law claim over which this Court would have jurisdiction.  Moreover, the Court yet again has been unable to ascertain any basis for the exercise of personal jurisdiction over the named defendants, or any reason why venue would lie in this district.  In view of these patent failings, this action is

frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B) and is hereby **DISMISSED without prejudice**.  See, e.g., Neitzke, 90 U.S. at 327-28 (an action is frivolous where the allegations are "fantastic or delusional"); see also Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (explaining that district court may dismiss case as frivolous for want of personal jurisdiction and venue).  Plaintiff's Motion to Appoint Counsel [3] and Motion for Order [7] are **DENIED as moot**.[1]

**SO ORDERED**, this   24th   day of October, 2007.

_Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[1] Note that the Court has enjoined Vicki Ricketts from making future filings without the Court's permission.  See Vicki Ricketts v. Arch et al., Civil Action No. 2:07-00082 (N.D. Ga. 2007).

3

AO 72A
(Rev.8/82)